IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **EILISH THOMPSON,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-23-01449 |
| **BALTIMORE CITY BOARD OF EDUCATION,** *et al.,* | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff Eilish Thompson, who is self-represented, filed a seventeen-count Second Amended Complaint against a series of defendants for claims relating to her previous employment as a teacher with the Baltimore City Board of School Commissioners ("BCBSC") and the handling of her discrimination charge by the Equal Employment Opportunity Commission ("EEOC") and the Maryland Commission on Civil Rights ("MCCR"). ECF 22. Initially, the Second Amended Complaint included three distinct groups of defendants: (1) BCBSC and its individual employees (collectively, "the BCBSC Defendants"); (2) the EEOC and its employee, Damon Johnson (collectively, "the EEOC Defendants"), and (3) the MCCR and its employees, Atto Commey and Cleveland L. Horton II (collectively, "the MCCR Defendants"). *Id.* In a prior ruling, this Court dismissed Plaintiff's claims against the EEOC Defendants and the individual employees of BCBSC, leaving Plaintiff's claims against BCBSC itself pending for adjudication. ECF 40, 41. At present, Plaintiff filed a motion seeking default judgment against the MCCR Defendants. ECF 47. In response, the MCCR Defendants filed a motion to dismiss the Second Amended Complaint, ECF 48, which Plaintiff opposed, ECF 50. The time to file a reply has expired. No hearing is

necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Plaintiff's motion for default judgment will be denied and the MCCR Defendants' motion to dismiss will be granted.

I.  **FACTUAL BACKGROUND**

The following facts pertinent to Plaintiff's claims against the MCCR Defendants are derived from the Second Amended Complaint, ECF 22, and are assumed to be true for purposes of these motions.

After experiencing what she believed to be discriminatory treatment in her workplace, *id.* ¶¶ 41–64, on or about June 14, 2021, Plaintiff submitted a preliminary questionnaire to the MCCR to assert claims related to her disability. *Id.* ¶ 66. She subsequently received a call from an MCCR employee stating that she had to choose whether to proceed through the MCCR or EEOC. *Id.* ¶ 69. Plaintiff opted for the MCCR and participated in an intake interview on July 2. *Id.* ¶¶ 69–70.

Approximately nine months later, on or about March 16, 2022, she met with the MCCR's assigned investigator, Defendant Atto Commey. *Id.* ¶ 71. On or about April 11, Commey informed Plaintiff that he found no probable cause for her claims, that she was not eligible for the accommodation due to "essential job duties," and that there was no retaliation because there were "some emails." *Id.* ¶ 72. Plaintiff received the written finding of no probable cause three days later. *Id.* ¶ 73.

She sent a request for reconsideration to Defendant Cleveland Horton, the Deputy Director of the MCCR, on April 27, 2022. *Id.* ¶¶ 17, 74. She received a letter from Horton on September 8, 2022, indicating that her request for reconsideration was denied, and instructing her that she had a right to pursue her complaint with the EEOC or in the United States District Court for the District of Maryland, which she did. *Id.* ¶ 77.

II.  **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Default judgment may be appropriate where a party has "failed to plead or otherwise defend" itself in an action against it. Fed. R. Civ. P. 55. Proper service of process is a prerequisite for entry of default judgment. *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) (vacating a default judgment where service of process was insufficient); *Central Operating Co. v. Util. Workers of America, AFL-CIO*, 491 F.2d 245, 249 (4th Cir. 1974) ("It is axiomatic that a federal court cannot acquire in personam jurisdiction over a defendant who does not voluntarily appear unless he is served with process in a manner authorized by federal statute or rule.").

Here, the MCCR Defendants seek dismissal of Plaintiff's claims on the basis of improper service of process. ECF 48-1 at 3–5. Plaintiff correctly contends that insufficient service of process under Rule 4 does not always necessitate dismissal where actual notice has been achieved. ECF 50 at 6. Instead, where service of process gives the defendant actual notice of the pending action, courts are permitted to construe Rule 4 liberally to effect service of process and uphold the court's jurisdiction. *See Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963)). "When actual notice is provided, 'failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain requirements for the means of effecting service of process may not be ignored.'" *Archie v. Lawonne Elenora Ager Booker,* Civ. No. DKC 14-0330, 2015 WL 9268572 at *2 (Dec. 21, 2015) (citing *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

While this Court declines to dismiss Plaintiff's claims against the MCCR Defendants on the basis of improper service of process under the above standards, it concludes that entry of default judgment would be inappropriate. The MCCR Defendants were not served in accordance

with Md Rule 2-124(j), and instead service appears to have been made on an individual named "Philip Wikes," with no information about his authority to accept service for any of the MCCR Defendants.

Moreover, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Prep. Acad. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010). In fact, even in cases where default judgment is entered, motions to set aside default "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). In light of those precepts and the fact that the MCCR Defendants have now appeared to defend this litigation, default judgment is not warranted.

### III. DEFENDANTS' MOTION TO DISMISS

Maryland, as well as its agents and agencies, enjoys Eleventh Amendment immunity from suits brought in federal court. Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless the state consents to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* (citing *Florida Department of Health v. Florida Nursing Home Assn.*, 450 U.S. 147 (1981) (per curiam)). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-104(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. *See generally, e.g.*, *Pense v. Md. Dept. of Pub. Safety*, 926 F.3d 97 (4th Cir. 2019).

MCCR is a state agency and its officials, Commey and Horton, were acting in their official capacities in their interactions with Plaintiff regarding her discrimination claim. Accordingly, the state of Maryland is the real party in interest. *See Edelman v. Jordan,* 415 U.S. 651, 663–65 (1972) (noting that if damages would be paid from the state treasury, then the state is the real party in interest), *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989) (equating suit against a state officer in his official capacity to suit against the state itself). Thus, the Eleventh Amendment bars Plaintiff's claims against MCCR and its officials, Commey and Horton, in their official capacities, from proceeding in federal court. Those claims shall be dismissed without prejudice to permit Plaintiff, if she so desires, to refile those claims in Maryland state court.

IV. **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Default Judgment, ECF 47, is denied and the MCCR Defendants' Motion to Dismiss, ECF 48, is granted. Plaintiff's claims against the MCCR Defendants are dismissed without prejudice to permit her to sue those defendants in Maryland state court if she so desires. A separate Order follows.

Dated: October 30, 2024                              /s/
                                                                                   Stephanie A. Gallagher
                                                                                   United States District Judge